FRITZ CLAPP  (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA  90213
Telephone:   888-292-5784
Facsimile:    888-467-2341
E-mail:        mail@fritzclapp.com

Attorney for Plaintiff
HELLS ANGELS MOTORCYCLE CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HELLS ANGELS MOTORCYCLE CORPORATION**,<br><br>           Plaintiff,<br><br>v.<br><br>**ANGELO MAMONE, INES MAMONE**, **and DOES 1 through 20,**<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION**<br><br>**(INJUNCTIVE RELIEF SOUGHT)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION, by and through its undersigned attorney, hereby complains as follows:

**JURISDICTION**

1.     This action arises under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq.*).  This court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), and 15 U.S.C. § 1121(a) (Lanham Act).

**VENUE**

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

1  substantial part of the events giving rise to the claims herein occurred in this District and
2  because the Defendants conduct business within this District.

### INTRADISTRICT ASSIGNMENT

4  3. This action arises from acts committed by Defendants and causing damages
5  within Sacramento County, California, and accordingly it is commenced in Sacramento,
6  California, pursuant to L.R. 120(d).

### PARTIES

8  4. Plaintiff HELLS ANGELS MOTORCYCLE CORPORATION ("HAMC") is
9  a non-profit mutual benefit corporation organized and existing under the laws of the State of
10 California. Plaintiff HAMC is the owner of the trademarks described herein.

11 5. On information and belief, Defendants ANGELO MAMONE, INES
12 MAMONE, and DOES 1 through 20 ("Defendants") conduct business within this District
13 and throughout the United States via the Internet websites <outlawbikersupplies.com> and
14 <hardcorebikersupplies.com>, by offering and selling apparel and accessories.

15 6. On information and belief, DOES 1 through 20, inclusive, are persons and
16 entities of unknown form who have commissioned, created, fabricated, displayed,
17 distributed and/or sold the infringing items of Defendants complained of herein. Plaintiff
18 will amend this complaint when the true names and capacities of said defendants have been
19 ascertained.

### PLAINTIFF'S MARKS

21 7. For over six decades, the Hells Angels Motorcycle Club has continuously
22 employed the word mark HELLS ANGELS as a collective membership mark, trademark and
23 service mark. The HELLS ANGELS mark is used in connection with the promotion,
24 advertising, conduct and expansion of a motorcycle club, and as indicia of active
25 membership in a motorcycle club; on authorized goods such as posters, adhesive labels,
26 motion pictures, and sound recordings; and in connection with authorized services such as
27 promotional and entertainment services.

28 8. Plaintiff HAMC is the owner of U.S. Trademark Registration Nos. 1,136,494,

1,214,476, 1,294,586, 1,301,050, 1,943,341 and 4,525,359 for the HELLS ANGELS word mark. Attached to this complaint as Exhibit A and incorporated by this reference is a copy of the certificate of ownership in Reg. No. 1,294,586 for HELLS ANGELS in International Class 25 (for apparel). Attached to this complaint as Exhibit B and incorporated by reference is a copy of the certificate of ownership in Reg. No. 4,525,359 for HELLS ANGELS as a collective membership mark in International Class 200.

9. Plaintiff's registrations have become incontestable under 15 U.S.C. §1065. These registrations are, therefore, conclusive evidence of Plaintiff's exclusive right to use the HELLS ANGELS mark.

10. Through continuous and conspicuous usage by Plaintiff HAMC and its authorized licensees, the HELLS ANGELS mark is famous. The HELLS ANGELS mark is widely known and recognized by the public as indicating the membership and organization of motorcycle enthusiasts exclusively using the mark. Plaintiff HAMC has exercised legitimate control over the uses of the HELLS ANGELS mark by its duly authorized licensees, and has been diligent in abating the use of the HELLS ANGELS mark by unauthorized third parties.

11. Through publicity, fact and fiction, the HELLS ANGELS mark has acquired widespread public recognition, and it evokes strong and immediate reactions whenever it is uttered or used. The impact of the HELLS ANGELS mark is virtually incomparable, and as a result it has great commercial value. Defendants seek to exploit that value for their own gain.

12. Since 1995, Plaintiff HAMC and its exclusive licensee, Hells Angels Berdoo, have employed the mark "H.A. LEATHERS" for leather apparel and accessories sold in interstate commerce.

13. Plaintiff HAMC has never authorized or approved Defendants' use of the HELLS ANGELS mark or the H.A. LEATHERS mark, and Defendants have never sought permission for use of said marks.

14. As a result of Defendants' use as complained herein, public confusion has

arisen, and is likely to continue, as to the source, origin or sponsorship of the goods advertised using Plaintiff's HELLS ANGELS mark and bearing Plaintiff's H.A. LEATHERS mark.

## DEFENDANTS' INFRINGEMENTS

15. Defendants, and each of them, have designed, manufactured, advertised, distributed and/or sold leather apparel and accessories (hereinafter the "infringing items") bearing the H.A. LEATHERS mark and promoted using the HELLS ANGELS mark, as shown on Exhibit C attached hereto and incorporated by this reference.

16. Defendants have obtained substantial profits from their infringement and exploitation of the HELLS ANGELS mark and the H.A. LEATHERS mark as herein alleged.

17. The actions of Defendants, and each of them, have caused and will cause Plaintiff HAMC irreparable harm for which money damages and other remedies are inadequate. Unless Defendants, and each of them, are restrained by this Court, they will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiff. Accordingly, in addition to other relief sought, Plaintiff HAMC is entitled to preliminary and permanent injunctive relief against Defendants, and all persons acting in concert with them.

## FIRST CLAIM
### Federal Trademark Infringement
### (Lanham Act § 32 – 15 U.S.C. §§ 1114-1117)

18. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 17 of this Complaint.

19. Without consent of Plaintiff HAMC, Defendants, and each of them, have used the HELLS ANGELS mark and the H.A. LEATHERS mark in connection with the sale, offering for sale, distribution or advertising of the infringing items.

20. These acts of infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

21. As a direct and proximate result of the infringing activities of Defendants, and

each of them, Plaintiff HAMC has suffered substantial damage.

22. Defendants' infringement of the Plaintiff's marks as alleged herein is an exceptional case and was intentional, entitling Plaintiff HAMC to treble the actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM
**Federal Unfair Competition**
**(Lanham Act § 43(a) – 15 U.S.C. § 1125(a))**

23. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24. Defendants' conduct constitutes the use of words, symbols or devices tending falsely to describe the infringing items, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing items to the detriment of Plaintiff HAMC and in violation of 15 U.S.C. § 1125(a)(1).

25. As a direct and proximate result of the infringing activities of Defendants, and each of them, Plaintiff HAMC has suffered substantial damage.

## THIRD CLAIM
**Federal Dilution of Famous Mark**
**(Federal Trademark Dilution Act of 1995)**
**(Lanham Act § 43(c) – 15 U.S.C. § 1125(c))**

26. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 25 of this Complaint.

27. Plaintiff's HELLS ANGELS mark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

28. Defendants' activities have diluted or are likely to dilute Plaintiff's HELLS ANGELS mark by blurring in violation of 15 U.S.C. § 1125(c), as amended.

29. Plaintiff HAMC is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

30. Because Defendants willfully intended to trade on Plaintiff HAMC's reputation or to cause dilution of the Plaintiff's marks, Plaintiff HAMC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HAMC prays that this Court grant it the following relief:

a.) Adjudge that Plaintiff's HELLS ANGELS mark and H.A. LEATHERS mark have been infringed by Defendants in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1114;

b.) Adjudge that Defendants have competed unfairly with Plaintiff HAMC in violation of its rights under 15 U.S.C. § 1125(a);

c.) Adjudge that Defendants' activities are likely to, or have, diluted the famous HELLS ANGELS mark in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1125(c);

d.) Adjudge that Defendants, their subsidiaries, parent and affiliated companies, successors, assigns, agents, and employees, and all others acting for, with, by, through or in concert with Defendants, shall be enjoined and restrained at first during the pendency of this action and thereafter permanently from using the HELLS ANGELS mark and H.A. LEATHERS mark, and any other mark, word, name or symbol that is likely to cause confusion with, or cause dilution of, said marks;

e.) Adjudge that Defendants be required immediately to recall and sequester their inventories of the infringing items, and to supply an accounting of such inventories to Plaintiff HAMC's counsel;

f.) Adjudge that Defendants be required to deliver their entire inventories of the infringing items to Plaintiff HAMC;

g.) Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon counsel for Plaintiff HAMC a written report under oath setting forth in detail the manner in which they have complied with the judgment;

h.) Adjudge that Plaintiff HAMC recover from Defendants its damages in an amount to be proven at trial;

i.) Adjudge that Defendants be required to account for any profits that are

attributable to its illegal acts, and that Plaintiff HAMC be awarded three times Defendants' profits under 15 U.S.C. § 1117, plus prejudgment interest;

  j.) Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities;

  k.) Adjudge that Defendants be required to pay exemplary damages for fraud, malice and gross negligence, whether grounded on proof of actual damages or on proof of unjust enrichment;

  l.) Adjudge that Plaintiff HAMC be awarded the costs of this action, together with reasonable attorney's fees and disbursements; and

  m.) Adjudge that all such other and further relief be awarded to Plaintiff HAMC as the Court deems just and equitable.

Dated:  May 20, 2015

_____
FRITZ CLAPP
Attorney for Plaintiff HELLS ANGELS
MOTORCYCLE CORPORATION

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues triable herein, pursuant to Fed. R. Civ. P. 38(b).

Dated:  May 20, 2015

_____
FRITZ CLAPP
Attorney for Plaintiff HELLS ANGELS
MOTORCYCLE CORPORATION